NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crime Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0552
Facsimile: (213) 894-2927
E-mail: Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE S. KIM,<br><br>Defendant. | No. CR 18-901-TJH<br><br><u>GOVERNMENT'S NOTICE OF LODGING OF RELEVANT JURY INSTRUCTION</u> |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamy, hereby files its notice of Notice of Lodging of a relevant jury instruction, namely, the jury instruction given in the District Court in <u>United States v. Le</u>. <u>See</u> <u>United States v. Le</u>, 902 F.3d 104 (2nd Cir. 2018), <u>cert. denied</u> 139 S. Ct. 1274 (2019). The government continues to maintain that any jury instruction regarding 18 U.S.C.

§ 175(a) be consistent with that in Le[1] and track the language of the charged statute. Docket No. 36 at 9.

Dated: May 15, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

/s/
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

[1] The instruction is located at pages 451-456 of the attached 8/27/15 Transcript.

**In The Matter Of:**

*UNITED STATES OF AMERICA v.*
*CHENG LE*

---

*August 27, 2015*

---

*Southern District Court Reporters*

Original File F8r4CleF.txt

Min-U-Script® with Word Index

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 15 CR 38 (AJN)

CHENG LE,

Defendant.

------------------------------x

New York, N.Y.
August 27, 2015
9:20 a.m.

Before:

HON. ALISON J. NATHAN,

District Judge

APPEARANCES

PREET BHARARA
United States Attorney for the
Southern District of New York
ILAN GRAFF
ANDREW D. BEATY
Assistant United States Attorneys

PATRICK BRACKLEY
Attorney for Defendant

ALSO PRESENT: BRYAN RAWSON, Special Agent
JOSEPH ROSENBERG, Paralegal



(In open court; jury not present)
THE COURT: Good morning.
We have a few matters to go over that I reminded you that we would in the orders last night. So let's do those, and then let me know if there is anything else.
My deputy handed me an indictment that no longer contains the alleged aliases. Everyone agrees on that and that it is going back to the jury?
MR. BRACKLEY: Yes, your Honor.
MR. GRAFF: Yes, your Honor.
THE COURT: I will mark it as Court Exhibit 2, so the redacted version is in the record.
I also have an exhibit list dated August 27, 2015, and it is my understanding that you have discussed with each other, as well as my deputy, and everybody agrees that this is the admitted exhibit list, which includes the exhibit number, the document, description, and the date it was admitted.
Everyone agreed?
MR. GRAFF: Yes, your Honor.
MR. BRACKLEY: Yes, your Honor.
THE COURT: You have the actual set of exhibits to go back to the jury?
MR. GRAFF: We do, your Honor.
THE COURT: Everybody is in agreement on those?
MR. BRACKLEY: Yes.



MR. GRAFF: Your Honor, I will be sure, before they go back, to show them to Mr. Brackley so he can be absolutely sure of the substance of the exhibits.
THE COURT: Is it entirely documents, or does it include the exhibits --
MR. GRAFF: Your Honor, our plan was to send back the physical exhibits, barring any objection from the Court or counsel.
MR. BRACKLEY: No objection.
THE COURT: Nothing dangerous or toxic or the like, so I think that's fine.
Does it include the laptop?
MR. GRAFF: Your Honor, at this point, through heroic efforts by Mr. Rosenberg, we do have a laptop available to go back to the jury in the event that they want to review the video.
THE COURT: We will wait until there is a request. I meant the laptop exhibit.
MR. GRAFF: Yes, your Honor, it does include what is marked as, I believe, Exhibit 10E, which is on the laptop.
THE COURT: And that is not operating?
MR. GRAFF: I believe it is not operating by virtue of the battery being dead.
THE COURT: Okay. So that takes care of the exhibits.
Turning to the charge, I received notice from you that



everyone agreed on the final. There were just a couple of changes from what you saw. The first, which you're aware of, is instruction number 24, the conscious avoidance instruction, was struck entirely.
In doing the final reading, I found two minor things. On page 3, line 10, I found the word "again" rather than "against." What had been page 3, line 10, there was a typo. Again, it has been changed to "against." Then, the last one I found was on page 14, line 5, I believe the word "in" was left out; that is to say, "conduct planned to culminate in the commission of the crime." So we have added "in." Okay?
MR. GRAFF: No objection.
MR. BRACKLEY: No objection.
THE COURT: So then those three noted changes made, I will also mark as a Court exhibit, then, the final jury instruction, which contains those changes, as well. Otherwise, it is the same as what you saw last night. And that will be Court Exhibit 3.
And then the verdict form is unchanged, as we talked about it yesterday.
The only other thing, if you would have ready a copy of the transcript so that we can move quickly if testimony is requested.
MR. GRAFF: Yes, we will have copies of the transcript available should the jury request it.

person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances, it is your duty to convict.

On the other hand, if, after a fair and impartial consideration of all of the evidence you can candidly and honestly say that you are not satisfied with the guilt of Mr. Le, that you do not have an abiding belief of Mr. Le's guilt, in other words, if you have such doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs, then you have a reasonable doubt, and in that circumstance, it is your duty to acquit.

One final word on the subject. Reasonable doubt is not whim or speculation. It is not an excuse to avoid the performance of an unpleasant duty. Nor is it sympathy for Mr. Le. The law does not require that the government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict.

The indictment. The defendant is formally charged in an indictment. As I instructed you at the outset of the case, the indictment is a charge or accusation. It is not evidence. The indictment in this case contains three counts against the defendant. Before you begin your deliberations, you will be provided with a copy of the indictment containing these



charges.

I will now, first, summarize the offenses charged in the indictment, and then I will explain in detail the elements of the offenses.

Summary of the indictment and theory of defense. Mr. Le is charged in a three-count indictment. Count One of the indictment charges that from at least on or about December 3, 2014, up to and including on or about December 23, 2014, Mr. Le attempted to acquire a biological agent or toxin and, in particular, a substance known as ricin for future use as a weapon.

Count Two charges that on or about December 23, 2014, Mr. Le used a false name in furtherance of conducting unlawful business by means of the Postal Service.

Count Three charges that from at least on or about December 18, 2014, up to and including on or about December 23, 2014, Mr. Le used a means of identification of another person during and in relation to the offense charged in Count One. In other words, that Mr. Le used another person's means of identification as part of his attempt to acquire ricin for use as a weapon.

The defense denies these allegations.

I remind you that Mr. Le has pleaded not guilty to the charges and is presumed innocent of the charges contained in the indictment. He does not bear the burden of proving his



defense; rather, the burden of proof is on the government at all times. If you find that the government has not met that burden, you must enter a verdict of not guilty.

Multiple counts -- one defendant. The indictment contains a total of three counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to the other offenses charged.

I will now instruct you on the elements that the government must prove beyond a reasonable doubt for each of the three charged offenses.

Count One: Attempted acquisition of a biological agent or Toxin. General instructions. 18 U.S.C. Section 175(a).

Count One of the indictment charges the defendant with attempting to transfer, acquire, or retain ricin, in violation of Title 18, United States Code, Section 175(a), and in particular, Count One alleges that from at least in or about December 3, 2014, up to and including on or about December 23, 2014, in the Southern District of New York and elsewhere, Cheng Le, the defendant, and others known and unknown, knowingly did attempt to develop, produce, stockpile, transfer, acquire, retain, and possess a biological toxin, to wit, ricin, for use



as a weapon.

The relevant portion of Section 175(a) makes it a crime to knowingly attempt to transfer, acquire, or retain any biological agent or toxin for use as a weapon.

As charged, the crime has three elements:

First, that the defendant knowingly attempted to transfer or acquire something;

Second, that what the defendant tried to transfer or acquire was a biological agent or toxin; and

Third, that the defendant tried to acquire or transfer this biological agent or toxin for use as a weapon.

Count One: Attempted acquisition of a biological agent or toxin. First element -- knowing attempt.

The first element to a charge of attempted acquisition of a biological agent or toxin is a knowing attempt to transfer or acquire a biological agent or toxin.

As I have said, Count One does not charge the defendant with actually acquiring a biological agent or toxin. Rather, it charges him with attempting to do so. There is no requirement that the attempt be successful or that the defendant actually carried out the crime he is charged with attempting to commit. In order to prove the charge of attempting to acquire a biological agent or toxin for use as a weapon, the government must prove the following two elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of acquiring a biological agent or toxin; and.

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged and that he took some action, which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation, on the one hand, and the actual doing of the criminal deed, on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining, or arranging a means for its commission is not an attempt, although some preparation may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

It is no defense to the charge of attempt that it was factually or legally impossible for the defendant to commit the



crime as long as the crime could have been committed if the facts and law had been as the defendant believed them to be. In other words, the person is guilty of an attempt to commit a crime if he satisfies the elements I've previously described to you and he intentionally engaged in conduct which would constitute the crime if the relevant factual and legal circumstances were as he believed them to be.

Count One: Attempted acquisition of a biological agent or toxin. First element -- knowing attempt.

What does it mean to act knowingly? To act knowingly means to act voluntarily and deliberately rather than mistakenly or inadvertently.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he or she committed an act with an unlawful intent. However, you have before you the evidence of certain acts, conversations and statements alleged to involve the defendant and others. The ultimate facts of the knowledge, the subjective, may be established by words and conduct and all of the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances. It is for you to determine whether the government has established beyond a reasonable doubt such



knowledge on the part of the defendant.

Count One: Attempted acquisition of a biological agent or toxin. Second element - biological agent or toxin.

The second element to a charge of attempted acquisition of a biological agent or toxin is that the substance that the defendant attempted to acquire is a biological agent or toxin.

Here, the government alleges that the substance the defendant attempted to acquire is ricin. I instruct you as a matter of law that ricin is classified as a biological select agent and toxin under 42 CFR Section 73.3.

Count One: Attempted acquisition of a biological agent or toxin. Third element -- use as a weapon.

The third element to a charge of attempted acquisition of a biological agent or toxin which the government must prove beyond a reasonable doubt is that the defendant attempted to acquire ricin for use as a weapon.

To attempt to acquire a biological agent or toxin with the intent to use it as a weapon means to attempt to acquire a biological agent or toxin with the intent that it be used to injure or harm another person or persons. The government does not have to prove an intent to kill another person or persons. Furthermore, intent to use as a weapon does not require the government to prove actual or attempted use of ricin.

The term "for use as a weapon" does not include the



attempted acquisition of a biological agent or toxin for prophylactic, protective, bona fide research, or other peaceful purposes.

Count Two: Use of a false name in furtherance of unlawful business. General instructions.

As I stated earlier, Count Two of the indictment charges the defendant with using a false name in furtherance of conducting unlawful business by means of the Postal Service.

I will now read Count Two of the indictment to you.

On or about December 23, 2014, in the Southern District of New York and elsewhere, Cheng Le, the defendant, knowingly, for the purpose of conducting, promoting, and carrying on by means of the Postal Service, any scheme and device mentioned in Title 18, United States Code, Section 1341, and any other unlawful business, took and received from an authorized depository of mail matter a letter, postal card, package, and other mail matter addressed to a name other than his own proper name, to wit, Cheng accepted a package addressed to Daniel Chunn, for the purpose of conducting, promoting and carrying out by means of the Postal Service the unlawful activity set forth in Count One of this indictment.

Section 1342, in relevant part, makes it illegal for the purpose of conducting, promoting, or carrying on by means of the Postal Service any unlawful business to take or receive from any post office or authorized depository of mail matter