NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0552
Facsimile: (213) 894-2927
E-mail: Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE S. KIM,<br><br>Defendant. | CR No. 18-901(A)-TJH<br><br>GOVERNMENT'S SUPPLEMENTAL REPLY TO THE DEFENDANT'S SENTENCING POSITION AND THE UNITED STATES PROBATION OFFICE'S ADDENDUM |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamy, hereby files its supplemental reply to the defendant's sentencing position and the United States Probation Office's Addendum.

//

//

//

//

//

//

This government's supplemental reply is based upon the attached statement, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 9, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

*/s/ Reema M. El-Amamy*
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**GOVERNMENT'S SUPPLEMENTAL REPLY**

The parties do not dispute that defendant Steve S. Kim ("defendant") sought, not once, but twice, to obtain deadly biological toxins via the dark web, and to ship the deadly toxins through the United States Postal Service to a commercial building in downtown Los Angeles. Putting aside for the moment defendant's intended use of the toxins once he received them, his attempts to procure deadly biological toxins put many at risk. One of the toxins that that defendant attempted to obtain and send through the mail was cyanide, a substance which, if inhaled, can cause seizures, apnea, and cardiac arrest, with death following in a matter of seconds.[1] Much more dangerously, however, defendant intended to send ricin through the mail.

> Inhaled ricin causes fever, chest tightness, cough and severe respiratory problems, including fluid buildup in the lungs (pulmonary edema). Ingested ricin causes intestinal bleeding and organ damage. The poison can kill within three days of exposure. Even a small amount of ricin may be fatal.[2]

Defendant engaged in incredibly dangerous conduct without regard to the safety of others. As stated by the United States Probation Office ("USPO"):

> Defendant's conduct had the potential of endangering the community. [Defendant] Kim caused what he believed to be a lethal biological toxin to be shipped through the United States Postal Service where it was delivered at his place of employment. Had [defendant] Kim been successful in obtaining ricin, he could have seriously harmed many people who unknowingly came into contact with the hazardous package.

---

[1] See https://en.wikipedia.org/wiki/Cyanide_poisoning.

[2] See https://www.mayoclinic.org/ricin/expert-answers/faq-20057863.

See Disc. Rec. Letter at 4. "The instant offense is a serious crime for which meaningful sentence is warranted." Id. at 6. The government agrees with the USPO that the potential harm that defendant's conduct caused the community at large cannot be ignored, and that, as a result, a meaningful sentence is warranted. This is just one reason the government continues to recommend a sentence of 87 months for defendant Kim.

Additionally, defendant's claims that he intended to use the ricin to commit suicide rather than murder his wife or another individual weighing 110 pounds are unsupported by the evidence, and, even if true, do not undercut the serious nature of the offense. Although defendant now claims that he intended to use the ricin to commit suicide, before defendant was aware of the FBI's investigation, he told an online associate that intended to use the ricin to kill another person, whom he described as a 110-pound person. The evidence uncovered showed that defendant's wife weighed approximately 110 pounds and had severe underlying health issues and that defendant and his wife were going through a difficult period in their relationship. Alternatively, defendant could have intended to kill another individual who weighed approximately 110 pounds who was not his wife. However, there is no evidence other than his own self-serving statements post-arrest that he intended to kill himself.

Moreover, defendant was lucid, logical, and knew what he was doing when he accessed the dark web multiple times to attempt to purchase dangerous toxins. Two psychological reports have been prepared in this matter and both conclude that defendant was well aware that he was engaging in very dangerous and illegal crimes, and did so without regard to the safety of the community.

The government continues to recommend a sentence of 87 months, and maintains that the sentence takes into consideration the 18 U.S.C. § 3553(a) factors, and is not greater than necessary to achieve those goals. The government's recommendation reflects the very serious nature of the offense, promotes respect for the law, provides just punishment for a serious offense, and affords adequate deterrence to defendant's conduct in a manner that a lower sentence would not.

Dated: September 9, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

*/s/ Reema M. El-Amamy*
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA